## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**U.S. ex rel. ELIZABETH REEVES**                                          **PLAINTIFF**


**v.**                                                        **Civil No. 1:13-cv-213-LG-JCG**

**BECHTEL NATIONAL COMPANY, INC.**                          **DEFENDANT**

### ORDER DENYING RELATOR'S MOTION [22] TO SEAL, GRANTING DEFENDANT'S MOTION [23] TO AMEND TEXT ONLY ORDER, AND DIRECTING THE CLERK OF COURT TO FILE RELATOR'S SECOND AMENDED COMPLAINT ON THE DOCKET UNSEALED

BEFORE THE COURT are two motions: (1) *pro se* Relator Elizabeth Reeve's Motion [22] to Seal her Second Amended Complaint, and (2) Defendant Bechtel National, Inc.'s Motion [23] to Amend Text Only Order dated September 2, 2014. Having considered the Motions, the record, and relevant legal authorities, the Court finds that Relator's Motion [22] should be denied, and Defendant's Motion [23] should be granted.

The Clerk of Court will file Relator's Second Amended Complaint on the docket unsealed, and Defendant shall have thirty days thereafter to answer or otherwise respond to the Second Amended Complaint. The voluminous exhibits submitted by Relator with her Second Amended Complaint will not be filed on the docket as attachments to the Second Amended Complaint.

### I. BACKGROUND

This *qui tam* False Claims Act action, filed on May 14, 2013, by *pro se* Relator alleges fraud against Defendant in association with Defendant's work for the Federal Emergency Management Agency. This case was under seal until April

15, 2014, while the Government investigated the Complaint and determined whether it would intervene.  On March 26, 2014, the Government elected not to intervene.

Relator first amended her Complaint on March 27, 2014, and on August 4, 2014, requested leave to file a second amended complaint.  The Court ordered Relator to file her second amended complaint *and* serve Defendant on or before September 22, 2014. Order [18].  On September 19, 2014, the Clerk of Court received by mail a copy of Relator's Second Amended Complaint, as well as sixteen exhibits of voluminous documents Relator purports to be "new evidence" against Defendant.  Relator emailed the Court and stated that she was filing the Second Amended Complaint and exhibits under seal.  No motion to seal accompanied the Second Amended Complaint.  Rather, the Second Amended Complaint was stamped by Relator as "Filed Under Seal."[1]

Relator was informed by the Clerk of Court that the Second Amended Complaint would be filed unsealed unless a motion to seal was filed and granted by the Court.  On September 22, 2014, Relator filed a Motion [22] to Seal the Second Amended Complaint, and Relator's Second Amended Complaint has not yet been filed on the docket pending resolution of the Motion.  Defendant's Motion [23] requests that Defendants not be required to answer or otherwise respond to the Second Amended Complaint until thirty (30) days after the Second Amended

---

[1]Stamping a Complaint "Filed Under Seal" does not seal the complaint. Court records are presumptively public, and no document may be sealed except by Court order.  L.U.Civ.R. 79.

Complaint is filed on the docket.

## II. ANALYSIS

A.   Relator's Motion [22] to Seal

The False Claims Act requires a *qui tam* complaint to be filed under seal for at least 60 days to allow the Government an adequate opportunity to determine whether it will intervene.  31 U.S.C. § 3730(b)(2).  "The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal . . . ."  *Id.* at § 3730(b)(3).

As an initial matter, Relator's Motion [22] to Seal should be denied because Relator did not file her motion to seal in accordance with the requirements of Local Uniform Civil Rule 79, which governs the sealing of court records.  Rule 79 requires that a motion to seal contain "[r]eferences to governing case law" and be accompanied by a proposed order that "recite[s] the findings by governing case law to support the proposed sealing."  L.U.Civ.R. 79(e)(4)(C) and (E).  Relator's Motion references no authority addressing the issue here, which is whether *qui tam* complaints amended after the Government has declined intervention should be sealed.[2]  Relator furthermore has not provided a proposed order that "recite[s] the finding required by governing case law to support the proposed sealing."  L.U.Civ.R. 79(e)(4)(E).

---

[2]Relator's Motion simply states: "That the United States has the right to intervene in the above-captioned action or to notify the Court if it declines to do so. That new evidence in the form of 16 EXHIBITS and an additional Count IV have been added to the Second Amended Complaint for the United States to Review." Mot. [22] 1.

Relator's Motion [22] to Seal should also be denied because the relief requested would not "secure the just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1, and sealing does not advance the policies underlying the False Claims Act's requirement that "[t]he complaint" be filed under seal, 31 U.S.C. § 3730(b)(2).  Other courts have found that whether a *qui tam* complaint amended after the Government has declined intervention should be filed under seal depends on considerations such as these.  *United States, ex rel. Sean McCurdy v. Gen. Dynamics Nat. Steel and Shipbuilding,* No. 07cv982 BTM (CAB), 2010 WL 1608411, *1-2 (S.D. Cal. Apr. 20, 2010); *United States ex rel. Ubl v. IIF Data Solutions,* No. 1:06-cv-641, 2009 WL 1254704, *4 n.4 (E.D. Va. May 5, 2009).

This case has been pending for one year and four months.  It was under seal for over eight months.  Four months after the case was unsealed, Relator had still not accomplished service of process.  Relator requested an additional four months to serve Defendant and file a second amended complaint.  The Court denied Relator the lengthy extension she requested and ordered her to file her second amended complaint and serve Defendant on or before September 22, 2014. Order [18].  The Court's interest in achieving the orderly and expeditious disposition of its cases weighs against resealing and further delaying the resolution of this case.  *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).

While sealing of an initial *qui tam* complaint allows the Government an opportunity to discreetly investigate the complaint and decide whether to intervene

without the alleged wrongdoer being alerted to the investigation, those interests are not served here.  Defendant has already received a copy of the Second Amended Complaint, along with Relator's sixteen exhibits.  No interest in discreetness is advanced by sealing the Second Amended Complaint.  The allegations in Relator's Second Amended Complaint furthermore are not substantially different than those made against Defendant in Relator's First Amended Complaint.  For the most part, the Second Amended Complaint offers additional details regarding the same general allegations.  The Government investigated Relator's essential complaints for a period of over eight months and elected not to intervene.  For these reasons as well, Relator's Motion [22] to Seal should be denied.  The Clerk of Court is directed to file Relator's Second Amended Complaint on the docket unsealed.

B.    <u>Defendant's Motion to Amend Text Only Order</u>

By TEXT ONLY ORDER of September 2, 2014, the Court granted Defendant additional time to respond to Relator's Complaint until such time as Relator's deadline had passed to file a second amended complaint.  Although the Court received Relator's Second Amended Complaint by the deadline of September 22, 2014, the Second Amended Complaint was not filed on the docket due to Relator's pending Motion [22] to Seal.  Defendant seeks additional time to answer or otherwise respond to Relator's Second Amended Complaint until thirty days after the Second Amended Complaint has been filed on the docket.  Defendant's Motion should be granted.  Defendant's deadline to answer or otherwise respond to Relator's Second Amended Complaint is thirty days after the Clerk of Court files

the Second Amended Complaint on the docket.

C.   Relator's Sixteen Exhibits Will Not Be Filed As Attachments to Relator's
     Second Amended Complaint

Relator has requested that sixteen exhibits be filed as attachments to her Second Amended Complaint.  The sixteen exhibits encompass voluminous documents that Relator maintains are "additional evidence" against Defendant. The FCA provides that "[a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4[(i)] of the Federal Rules of Procedure."  31 U.S.C. § 3730(b)(2).  Section 3730(b)(2) requires Relator to serve written disclosure upon the Government, just as Relator must serve a complaint on the Government.  This provision does not require that Relator attach all evidence she purports to support her claims as exhibits to her complaint.

Federal Rule of Civil Procedure 5 provides that discovery is not to be filed with the Court until "used in the proceeding or the court orders filing."  Fed. R. Civ. P. 5(d)(1).  Relator seeks to file what are, in essence, voluminous discovery documents, as an attachment to a complaint.  Her request is contrary to Rule 5(d)(1), and accordingly, when the Second Amended Complaint is filed by the Clerk of Court, the sixteen exhibits mailed by Relator with her Second Amended Complaint shall not be filed as attachments to the Second Amended Complaint.

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that *pro se* Relator Elizabeth Reeve's Motion [22] to seal her Second Amended Complaint is **DENIED**.

The Clerk of Court is directed to file Relator's Second Amended Complaint on the docket unsealed.  The sixteen exhibits of voluminous documents that Relator mailed with her Second Amended Complaint shall not be filed as attachments to the Second Amended Complaint.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Bechtel National, Inc.'s Motion [23] to Amend Text Only Order dated September 2, 2014, is **GRANTED**.  Defendant's deadline to answer or otherwise respond to Relator's Second Amended Complaint is thirty days after the Clerk of Court files the Second Amended Complaint on the docket.

**SO ORDERED AND ADJUDGED**, this the 3rd day of October, 2014.

_s/ John C. Gargiulo_
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE

-7-